**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TERRANCE PUGH,

*Plaintiff*, CASE NO. 2:15-CV-10604-GAD-PTM

*v*.

KELLY HOLDEN-SELBY, DISTRICT JUDGE GERSHWIN A. DRAIN
MAGISTRATE JUDGE PATRICIA T. MORRIS

*Defendant*.
_________________________________/

**REPORT AND RECOMMENDATION**
**GRANTING DEFENDANT'S MOTION TO DISMISS**
(Doc. 17)

## I. Introduction

This prisoner civil rights case is "'like deja vu all over again.'" *Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson Cnty.*, 466 F.3d 391, 293 (6th Cir. 2006) (quoting Yogi Berra and John Fogerty (citation omitted)). Pro se Plaintiff Terrance Pugh has brought suit against Kelly Holden-Selby. Three times, in fact. Each action fell under 42 U.S.C. § 1983 and alleged that Defendant violated the Eighth Amendment's Cruel and Unusual Punishments Clause by being deliberately indifferent to his serious medical needs. He lost the first case because he could not show Defendant had the requisite intent and the second case because the first was still pending. This time I suggest he should lose because he lost the first time; that is, because *res judicata* bars him from bringing the same claim against the same Defendant. Alternatively, the statute of

limitations on this claim has lapsed. Consequently, I recommend **GRANTING** Defendant's motion to dismiss. (Doc. 17.)

## II. Background

Plaintiff first brought his claims against Defendant in 2012. *Pugh v. Holden-Selby*, No. 12-cv-12357, 2013 WL 3328537 (E.D. Mich. July 2, 2013) (adopting Report & Recommendation) ("*Pugh I*"). His complaint in that case matches his present complaint nearly verbatim. Complaint, *Pugh v. Holden-Selby*, 2013 WL 3328537 (E.D. Mich. May 31, 2012) (12-cv-12357). Both focus on events occurring after he was transferred to the G. Robert Cotton Correctional Facility ("Cotton") in April 2011. Upon arrival, he claims to have informed Defendant, a prison official, that he had a prior medical order requiring him to receive a ground-floor, bottom bunk cell due to a broken foot. *Pugh I*, 2013 WL 3328537, at *1; (Doc. 1 at Pg ID 6.) Defendant refused to change his cell assignment, and Plaintiff was stuck with an upper-level, top bunk cell. *Id.* Defendant also allegedly told Plaintiff that he needed to lose weight.[1] *Id.*

The following month, "Plaintiff fell down five or six stairs, causing injury to his back and reinjuring his foot." *Pugh I*, 2013 WL 3328537, at *1; *see also* (Doc. 1 at Pg ID 6.) After a hospital visit, Plaintiff returned to the facility and was reassigned to a Level IV cell because Level II housing was unavailable. *Pugh I*, 2013 WL 3328537, at *1. Needing a wheelchair, Plaintiff received a regular-sized model that was too small for him and which appeared to have been broken, he claims. (Doc. 1 at Pg ID 7.) In July 2011, one of

[1] Plaintiff filed a grievance regarding this incident. *Id.* The history of grievances and Plaintiff's exhaustion of remedies will not be recounted here, as the 2013 Order and Report review that history in depth. *See Pugh I*, 2013 WL 3328537, at *1, 8-11.

the wheels fell off and, because no replacements were available, the "officials informed Plaintiff that he could either stop using the wheelchair or he could use it with three wheels." *Pugh I*, 2013 WL 3328537, at *1; (Doc. 1 at Pg ID 7.) Plaintiff subsequently fell out of the wheelchair, hitting his head and ending up at the hospital again. *Id.*

He filed suit against Defendant and others in 2012. The defendants in the first suit moved for summary judgment and Magistrate Judge Charles Binder issued a Report recommending that the court grant Holden-Selby summary judgment. *Pugh I*, 2013 WL 3328537, at *12-14. The Report found that Plaintiff had failed to exhaust his remedies against Holden-Selby on all but his deliberate indifference claim. *Id.* Regarding that claim, however, Plaintiff did not present a triable issue because he offered insufficient evidence that she had the requisite intent to punish. *Id.*[2] Specifically, Plaintiff's transfer order did not indicate he had special medical needs, the prior medical order was for a different facility, and Plaintiff did not refute Defendant's statement that Cotton's lower levels had just as many stairs as the upper levels. *Id.* at *13. District Judge Gershwin Drain adopted the Report in July 2013 over Plaintiff objections, which included his contention that Defendant lied in her affidavit. *Id.* at *1. One claim against a different defendant proceeded to trial, where Plaintiff lost on February 5, 2015. (Doc. 17 at Pg ID 140.) Before that trial, he again filed a nearly-identical complaint against Defendant and others, which the Court dismissed as duplicative. *Pugh v. Holden-Selby*, No. 2:14-CV-11428, slip op. at 2 (E.D. Mich. Aug. 8, 2014).

[2] The Report also addressed the merits of Plaintiff's First Amendment retaliation claim, which he has not raised in the present case. *Id.* It concluded that even if Plaintiff had exhausted his administrative remedies, the claim would still fail.

The current complaint recounts the same events at issue in his first case. He again presses the deliberate indifference claim against Defendant in both her "individual and official capacities." (Doc. 1 at Pg ID 10.) The central contention is that "Defendant Holden-Selby['s] deliberate indifference violated Plaintiff Pugh[']s rights and constituted cruel and unusual punishment under the Eighth and Fourteenth Amendments to the U.S. Constitution." (*Id.* at Pg ID 8.) He also states that the conduct "constituted deliberate indifference under state law." (*Id.*) As relief, he requests physical therapy, evaluation by a medical expert, $100,000 in compensatory damages, and $20,000 in punitive damages. (*Id.* at Pg ID 9.)

Attached to the complaint is another document, which Plaintiff styles as a "Memorandum of Law in Support of Motion for Civil Action Lawsuit." (*Id.* at Pg ID 10-12.) The motion appears aimed at obtaining injunctive relief. In it, he explains that he is bringing the case under 42 U.S.C. § 1983, that it involves his "injuries from a fall," and that he still experiences pain from these injuries. (*Id.* at Pg ID 10-11.) He asserts that Defendant denied him "care contrary to a physician[']s instructions," and this constitutes a risk of serious harm.[3] (*Id.* at Pg ID 11.) Next, he says the balance of hardships favors him, that he will likely succeed on the merits—in particular, noting Defendant's alleged lies on the affidavit—and that the relief sought serves the public interest. (*Id.* at Pg ID 11-12.)

[3] No new facts are added regarding this denial, nor does he provide new exhibits or grievances from after his first case. Later he discusses cases that hold unconstitutional a prison official's failure to carry out physicians' orders. (*Id.* at Pg ID 12.) Apparently, then, this "denial" refers to Defendant's decision to place him in an upper-level cell in 2011.

## III. Motion Standards

Defendant has moved for dismissal under Federal Rule of Civil Procedure 12(b)(6). Such a motion tests the sufficiency of the complaint and will be granted if the plaintiffs have failed "to state a claim upon which relief can be granted." "The court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). But the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," otherwise the complaint will be dismissed. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard requires the plaintiff to "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555. (citations omitted). The complaint must include more than "labels and conclusions" and "formulaic recitation[s] of the elements of a cause of action . . . ." *Id.* When a plaintiff proceeds without counsel, the court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even *pro se* complaints must satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

Because the dismissal standard scrutinizes the pleadings, the Federal Rules limit courts' consideration of extraneous materials at this stage. Rule 12(d) provides the operative language: "If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as

one for summary judgment under Rule 56." However, the court can consider certain materials without converting the case. These include, among others, documents defendants attach to the motion to dismiss "'if they are referred to in the plaintiff's complaint and are central to her claim.'" *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) (quoting *Venture Assoc.'s Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). Also, "A court that is ruling on a Rule 12(b)(6) motion may consider materials in addition to the complaint if such materials are public records or are otherwise appropriate for the taking of judicial notice." *New England Health Care Employees Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003). This includes judicial opinions and court filings in other cases. *See, e.g.*, *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426-27 & n.7 (3d Cir. 1999).

Defendant's motion raises two affirmative defenses: res judicata and statute of limitations. Affirmative defenses generally cannot be decided on motions to dismiss. Rule 8(c) list such defenses, which include, among others, the two presented in this case. Affirmative defenses do not make up the elements of a claim, and plaintiffs are not required to plead facts anticipating those defenses; defendants carry this pleading burden. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). This disjunction renders Rule 12(b)(6) motions, testing the complaint alone, inappropriate vehicles to raise affirmative defenses. 5 Wright & Miller, *Federal Practice and Procedure* § 1277 (3d ed. 1998).

However, courts allow Rule 12(b)(6) motions to raise these defenses in certain cases. "When an affirmative defense is evident on the face of a complaint, the complaint may be subject to dismissal under Rule 12(b)(6)." *Ind. State Dist. Council of Laborers & HOD Carriers Pension & Welfare Fund v. Omnicare, Inc.*, 719 F.3d 498, 509 (6th Cir. 2013); *see also* Rhynette Northcross Hurd, Note, *The Propriety of Permitting Affirmative Defenses to be Raised by Motions to Dismiss*, 20 Mem. St. U. L. Rev. 411, 434 (1990) (noting that several circuits follow this approach). A complaint does not trigger this rule by merely touching upon a few of the facts that could set up an affirmative defense. Rather, the complaint must "'affirmatively show'" that the claim fails. *Lutz v. Chesapeake Appalachia, LLC*, 717 F.3d 459, 464 (6th Cir. 2013) (quoting *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012)). In other words, a complaint must "set[] out all of the elements of an affirmative defense [to make] dismissal under Rule 12(b)(6) appropriate," *Indep. Trust Corp.*, 665 F.3d at 935, and "effectively vitiate" the claim. *Basile v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 551 F. Supp. 580, 591 (S.D. Ohio 1982). Echoing this language, the Sixth Circuit recently wrote that "if the plaintiffs' complaint contains facts which satisfy the elements of the defendant's affirmative defense, the district court may apply the affirmative defense." *Estate of Barney v. PNC Bank, Nat'l Ass'n*, 714 F.3d 920, 927 (6th Cir. 2013).

Here, both defenses—res judicata and the statute of limitations—are properly before the Court. To begin with res judicata, courts in this Circuit frequently apply the rules above to find that the Rule 12(b)(6) motion appropriately raised res judicata. *See, e.g.*, *Busby v. Bank of Am., N.A.*, No. 3:14-cv-410, 2015 WL 1527579, at *2 (S.D. Ohio

Apr. 3, 2015), *Report & Recommendation adopted by* 2015 WL 3505526, at *3 (S.D. Ohio June 3, 2015); *Hudson v. Genesee Intermediate Sch. Dist.*, No. 14-11939, 2015 WL 128030, at *2 (E.D. Mich. Jan. 8, 2015) (adopting Report & Recommendation); *Shafi v. Weidinger*, Nos. 09-10454, 11-12909, 2011 WL 6338864, at *4-5 (E.D. Mich. Dec. 19, 2011). In fact, many courts simply find without much discussion that such motions can present the res judicata defense. *See Amadasu v. The Christ Hospital*, 514 F.3d 504, 506-07 (6th Cir. 2008); *Thompson v. Cnty. of Franklin*, 15 F.3d 245, 253 (2d Cir. 1994) *Coleman v. Martin*, 363 F. Supp. 2d 894, 903 (E.D. 2005) (adopting Report & Recommendation); 5B Wright & Miller, *supra* § 1357. As the Sixth Circuit stated, "*Res judicata* challenges may properly be raised via a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Platsis v. E.F. Hutton & Co., Inc.*, 946 F.2d 38, 42 (6th Cir. 1991).

Defendant's motion appropriately raises res judicata. Plaintiff's complaint spells out the relevant facts by discussing his previous cases. (Doc. 1 at Pg ID 8, 10-11.) The filings and opinions from those cases are judicially noticeable to the extent additional information is necessary. Further, Plaintiff has filed a response brief disputing the defense. As a result, Plaintiff has demonstrated his familiarity with the basis for Defendant's motion and cannot claim that it has unfairly surprised or prejudiced him. *See Platsis*, 946 F.2d at 42 (noting that the plaintiff was a party to the prior suit, and thus knew the basis for the res judicata defense and could not claim prejudice "by the form of the pleadings"). The result is the same for Defendant's statute of limitations argument, as

Plaintiff's complaint contains the relevant dates establishing the defense. *See Jones v. Bock*, 549 U.S. 199, 215 (2007).

**IV. Law & Analysis**

Defendant offers three defenses to Plaintiff's claim. First, she argues that *res judicata*, in both its issue preclusion and claim preclusion forms, bars the lawsuit. (Doc. 17 at Pg ID 102-05.) Next, she claims the statute of limitations has run, also precluding the action. (*Id.* at Pg ID 105-06.) Finally, she invokes sovereign immunity to the extent Plaintiff alleges she acted in an official capacity. (*Id.* at Pg ID 106-07.) Because the first two defenses each adequately dispose of the case, and the third would shed only the official capacity claim, the Court will not address Defendant's final argument.

**A. *Res Judicata***

*Res judicata* represents "'a rule of fundamental and substantial justice'" seeking to provide a clear and binding end to litigation. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 401 (1981) (quoting *Hart Steel Co. v. R.R. Supply Co.*, 244 U.S. 294, 299 (1917)). It encompasses two related concepts: true *res judicata*, or claim preclusion, and collateral estoppel, also called issue preclusion.[4] *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984); *Dubuc v. Green Oak Twp.*, 312 F.3d 736, 745 n.4 (6th Cir. 2002). Put simply, the difference between the two is that "[t]he former precludes entire claims, the latter relitigation of specific issues." *Miller v. Runyon*, 77 F.3d 189, 194

[4] The interchangeable vocabulary has caused "perennial confusion," according to the Sixth Circuit. *Heyliger v. State Univ. & Comm. College Sys. of Tenn.*, 126 F.3d 849, 852 (6th Cir. 1997). To clear up matters, the Circuit has "'expressed [its] hope that future litigants, in the interests of precision and clarity, will formulate arguments which refer solely to issue or claim preclusion and which refrain from using the predecessors of those terms.'" *Id.* (quoting *Barnes v. McDowell*, 848 F.2d 725, 728 n.5 (6th Cir. 1988)). Accordingly, this Court will use the newer nomenclature.

(7th Cir. 1996). When a federal court made the prior judgment, federal law determines the judgment's preclusive effect. *Blonder-Tongue Laboratories, Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 324 n.12 (1971); *J.Z.G. Resources, Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 214 (6th Cir. 1996).

Once a court renders a valid and final judgment on an action, claim preclusion bars the parties from later relitigating any issues that were actually litigated or that could have been raised in the earlier action. *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *J.Z.G. Resources*, 84 F.3d at 214; 18 Wright & Miller, *supra* § 4407. It applies if four elements are met:

> "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action."

*In re Alfes*, 709 F.3d 631, 638 (6th Cir. 2013) (quoting *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995)). The first element can be satisfied by numerous types of case resolutions; relevant here, summary judgment constitutes a final decision on the merits. *See Helfrich v. Metal Container Corp.*, 11 F. App'x 574, 576 (6th Cir. 2001); 18A Wright & Miller, *supra* § 4444. Indeed, "summary judgment . . . provides the 'traditional basis for the operation of res judicata.'" *Maher v. GSI Lumonics, Inc.*, 433 F.3d 123, 127 (1st Cir. 2005) (citation omitted). The final element, identity of causes, exists "if 'the claims arose out of the same transaction or series of transactions, or [if] the claims arose out of the same core of operative facts.'" *Browning v. Levy*, 283 F.3d 761, 774 (6th Cir.

2002) (quoting *In re Micro-Time Mgmt. Sys., Inc.*, 983 F.2d 1067, 1993 WL 7524, at *5 (6th Cir. 1993) (unpublished table decision)).

Plaintiff's present action meets all four elements. First, the district court granted Defendant summary judgment in 2013, finding that Plaintiff had "failed to provide evidence of Holden-Selby's culpable mental state required for deliberate indifference." *Pugh I*, 2013 WL 3328537, at *4. Second, the current action involves the same Plaintiff and Defendant. *Id.* at *1. Third, the issues Plaintiff raises in this case are identical to the issues he raised in the earlier action. Both advance a constitutional claim of cruel and unusual punishment against Defendant for denying him a lower-level unit, a decision which he claims led to his injuries. Finally, both cases concern the same series of events beginning with his transfer to Cotton and ending with his second hospital visit. In short, the complaints in each case are nearly identical. *Cf. Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, (6th Cir. 2009) (applying claim preclusion when five out of six counts in the plaintiff's complaint were identical to those alleged in the earlier complaint); *Zack v. Sova*, 19 F.3d 20, 1994 WL 75898, at *1-2 (6th Cir. 1994) (unpublished table decision) (finding claim preclusion of "nearly-identical lawsuit"). "Where two successive suits seek recovery for the same injury, a judgment on the merits operates as a bar to the later suit." *Cemer v. Marathon Oil Co.*, 583 F.2d 830, 832 (6th Cir. 1978). Therefore, I suggest that Plaintiff's claim is barred.

Defendant argues that issue preclusion also prevents Plaintiff from pursuing this action. (Doc. 17 at Pg ID 102-04.) Though claim preclusion may be the more apt approach since the lawsuits are identical, issue preclusion can operate by its side. *See*

*Ross v. Wells Fargo Bank, N.A.*, No. 13-cv-11858, at *4-5 (E.D. Mich. Sept. 19, 2013) (adopting Report & Recommendation) (analyzing case under elements for both issue and claim preclusion). But for many of the same reasons as above, Plaintiff's action fails.

Issue preclusion "is a doctrine that applies when an issue has been decided by a court of competent jurisdiction, making that decision conclusive in a subsequent legal action involving the same issue." *Meeks v. Larsen*, 999 F. Supp. 2d 968, 977 (E.D. Mich. 2014). A party successfully invokes issue preclusion by demonstrating the following four conditions:

> "(1) the precise issue raised in the present case must have been raised and actually litigated in the prior proceeding; (2) determination of the issue must have been necessary to the outcome of the prior proceeding; (3) the prior proceeding must have resulted in a final judgment on the merits; and (4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding."

*Kosinski v. C.I.R.*, 541 F.3d 671, 675 (6th Cir. 2008) (quoting *United States v. Cinemark USA, Inc.*, 348 F.3d 569, 583 (6th Cir. 2003)). Here, among other issues, Plaintiff would be precluded from relitigating Defendant's mental state. To prevail on the deliberate indifference claim, Plaintiff must show that Defendant's state of mind evinces "deliberateness tantamount to intent to punish." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 813 (6th Cir. 2005). In Plaintiff's prior case, the Court found that no material issue of fact existed concerning Defendant's intent. *Pugh I*, 2013 WL 3328537, at *4, 12. The parties actually litigated the issue and Plaintiff failed to present sufficient evidence to survive summary judgment. As noted, summary judgments are final decisions on the merits. *Helfrich*, 11 F. App'x at 576. Plaintiff had a "full and fair opportunity" to argue the issue

in his earlier action. Therefore, I suggest that because intent is a critical element in his present claim and he cannot relitigate it, he cannot proceed with this action.

In response to Defendant's arguments, Plaintiff recites many of the allegations in his complaint. (Doc. 20.) He contends that material issues of fact remain to be resolved. (*Id.* at Pg ID 150.) But this provides no defense to *res judicata*, as those issues were resolved in the prior proceeding. Plaintiff appears to believe that the Court dismissed his earlier action without prejudice, allowing him to refile. (Doc. 20 at Pg ID 152-53.) He is mistaken. His initial action against Defendant was dismissed after summary judgment, representing a final judgment on the merits. It was his second suit against Defendant, in 2014, that the Court dismissed without prejudice because it concerned the same actions as his first suit, still ongoing at the time, and thus was duplicative. *Pugh v. Holden-Selby*, No. 2:14-CV-11428, slip op. at 2 (E.D. Mich. Aug. 8, 2014). The dismissal did not undo the prior order granting Defendant summary judgment. That order is still valid and binding. And, I suggest, it precludes Plaintiff from bringing this suit.[5]

***B. Statute of Limitations***

Federal courts apply state personal injury statutes of limitations to claims brought under 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Harris v. United States*, 422 F.3d 322, 331 (6th Cir. 2005). For civil rights suits filed in Michigan, the

[5] Plaintiff's complaint and response brief both selectively quote and paraphrase the earlier Report and Recommendation. (Doc. 11 at Pg ID 8, 10-11; Doc. 20 at Pg ID 153.) In fact, he says the Report is from a judge "who is not biased or one sided" and for that "reason[] alone [it] should be accepted in results [sic]." (Doc. 20 at Pg ID 153-54.) It appears that he reads the Report as finding a material issue of fact regarding her state of mind. But this misinterprets it, as he seemed to acknowledge in his 2014 complaint, where he noted that Defendant "was granted summary judgment on all remaining claims." Complaint at Pg ID 9, *Pugh v. Holden-Selby* (E.D. Mich. Apr. 3, 2014) (No. 2:14-CV-11428).

statute of limitations is three years. Mich. Comp. Laws § 600.5805(10); *Elrod v. Hawry*, 53 F. App'x 770, 771 (6th Cir. 2002); *Carroll v. Wilkerson*, 782 F.2d 44, 44-45 (6th Cir. 1986). Although statutes of limitations are governed by state law, the question of when civil rights claims accrue remains one of federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007) ("While we have never stated so expressly, the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law."); *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007). A cause of action accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action. *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991). However, because prisoners cannot bring their actions before exhausting administrative remedies, 42 U.S.C. § 1997e(a), the statute of limitations is tolled while the prisoner exhausts those remedies. *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000); *Vartinelli v. Pramstaller*, No. 10-10702, 2010 WL 5330487, at *3 (E.D. Mich. Dec. 1, 2010).

In the instant case, Plaintiff's action accrued in 2011 when he became aware of the alleged injury. At that time, he began filing grievances against Defendant alleging she caused him physical injuries by denying his request for a lower-level cell. *Pugh I*, 2013 WL 3328537, at *10. The grievance process against Defendant was completed on August 30, 2011. *Id.* He had until August 30, 2014 to bring this action. In his response brief, he argues that he attempted to do just that, filing the second complaint in April 2014. (Doc. 20 at Pg ID 152-53.) However, that case was dismissed without prejudice in August 2014, and such a dismissal does not toll the statute of limitations. *See Gill v. Locricchio*, No. 04-70164, 2011 WL 3809941, at *2 (E.D. Mich. Aug. 29, 2011) ("It is clear in this

circuit that 'dismissals without prejudice operate to leave the parties as if no action had ever been commenced.'" (quoting *Wilson v. Grumman Ohio Corp.*, 815 F.2d 26, 28 (6th Cir. 1987)). "[I]n the absence of a statute to the contrary a party cannot deduct from the period of the statute of limitations the time during which the action so dismissed was pending." *Wilson*, 815 F.2d at 27. Therefore, even if *res judicata* did not preclude him from bringing this case, I suggest the statute of limitations would.

## V. Conclusion

For the reasons above, I recommend **GRANTING** Defendant's motion to dismiss (Doc. 17.)

## VI. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit*

*Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Rather than obey the Court's order, on June 30, 2015 Plaintiff's counsel, Howard D. Olinsky ("Olinsky") instead filed a motion (styled as an "application for leave") and supporting brief to proceed without local counsel. (Doc. 13). In that motion, Olinsky asserts that he is a member of the Bar of the United States District Court for the Eastern District of Michigan, a member of the New York and Georgia state bars, that he has not been held in contempt or disciplined, has practiced Social Security Disability law for twenty-eight years, is familiar with the Local Rules and the legal culture in this district, and will attend all proceedings and file pleadings as necessary. (*Id*. at 1). Further, Olinsky asserts that "[r]etention of local counsel would cause Plaintiff an undue financial burden and the factors necessitating local counsel in other cases are not present in this Social Security appeal." (*Id*. at 2). Olinsky also notes that because this action is one for Social Security benefits, no trial will be held and oral hearings are uncommon, thus the necessity

for local counsel is reduced. (*Id*. at 4).

The local rules provide that "[o]n application, the court may relieve an attorney who is not an active member of the State Bar of Michigan of the obligation to specify local counsel." E.D. Mich. LR 83.20(f)(1). Rule 83.20(f) serves several important purposes:

> Physical proximity and accessibility for case preparation events (e.g., depositions) is one; ready availability to the court for conference or hearings is another, familiarity with the Local Rules and the local legal culture is another. The ability of the court to easily monitor and govern the behavior of its attorneys is not unimportant.

*Belle v. Sunbeam Prods., Inc.*, No. 09-CV-13902, at *1 (E.D. Mich. Nov. 9, 2009) (denying request for waiver of Local Rule 83.20, and noting that "applications such as these presuppose that there is no real need for this District's local rule requiring local counsel.").

The Court notes that Olinsky has not indicated that he sought the concurrence of opposing counsel, as required by Local Rule 7.1(a)(1) for all motions and requests. He has thus demonstrated his unfamiliarity with the local rules, weighing against waiver of Local Rule 83.20.

Olinsky asserts that Social Security cases generally do not require personal appearances. Be this as it may, there is no reason to believe that this fact exempts Social Security law practitioners from the strictures of Local Rule 83.20. *See Drenning v.*

*Comm'r of Soc. Sec.*, No. 12-13470, Dkt. No. 5 (E.D. Mich. Sept. 21, 2014) (holding that Social Security cases are not exempt from Local Rule 83.20, and denying a motion to proceed without local counsel).

Olinsky further cites to *Koenemann v. Marberry*, No. 5:06-cv-10852, Dkt. No. 9 (E.D. Mich. May 23, 2006), apparently as a paradigmatic example of when motions to waive the application of Local Rule 83.20 should be granted.[6] In *Koenemann*, counsel for a petitioner seeking habeas corpus relief sought both admission to the Eastern District of Michigan bar and waiver of Local Rule 83.20. *Id*. Petitions for habeas corpus relief present obvious differences from social security cases. The most prominent distinction in *Koenemann* is that Local Rule 83.20 was waived not as a matter of common practice, but upon counsel's first application to practice in the Eastern District of Michigan. Olinsky, on the other hand, seeks waiver of the local rule in numerous cases. *Koenemann* thus provides weak support for Olinsky's motion. It appears that Olinsky would like to secure a personal exemption from Local Rule 83.20's purview; however, fairness prevents such favoritism.

Olinsky's argument that his client cannot afford the appointment of local counsel is similarly unavailing. Olinsky's fee agreement with Plaintiff does not appear in the record. However, the majority of Social Security plaintiffs attain counsel on a

---

[6] Olinsky asserts that an "unpublished courtesy copy [of *Koenemann* is] attached hereto [the brief]," yet no such copy is attached. (Doc. 13). While this error would not normally raise the ire of the Court, Olinsky recently submitted a nearly identical brief in a separate Social Security matter, and similarly failed to attach the promised courtesy copy there. *See Cabrera v. v. Comm'r of Soc. Sec.*, No. 15-10714, Dkt. No. 10 (E.D. Mich. Mar. 6, 2015). Further, Olinsky is counsel in a separate Social Security matter currently pending before this Court, in which he filed another brief nearly identical to the one in this matter, and in which he again failed to attach the promised courtesy copy. *See Wagner v. Comm'r of Soc. Sec.*, No. 15-11553, Dkt. No. 11 (E.D. Mich. June 30, 2015).

contingency fee basis. *See Rodriquez v. Bowen*, 865 F.2d 739, 743 (6th Cir. 1989) ("Most fees in social security cases are pre-arranged on a contingency basis due to the indigency of a great number of the claimants."). Assuming that Plaintiff's fee agreement with Olinsky is based on a contingent fee arrangement, Plaintiff's current poverty will not impede her from obtaining local counsel because any such fees would merely be deducted from any award she receives. If Plaintiff's fee arrangement would require additional costs to secure local counsel, Olinsky could vitiate the monetary burden by referring the instant plaintiff to an attorney who is a member of the bar of this court and a member of the State Bar of Michigan.

Finally, the Court notes that Olinsky has not been forthright regarding his noncompliance with Local Rule 83.20. As noted above, Olinsky has violated and requested waiver of this provision in several cases, yet in the instant action he did not deign to inform the Court of his need for a waiver until that issue was raised *sua sponte* by the Court. It is difficult to see how a repeated and intentional violation of Local Rule 83.20 can be waived without eviscerating that rule entirely.

Plaintiff's request to be relieved from the requirement to specify local counsel under Local Rule 83.20(f) is therefore **DENIED**.

**IT IS SO ORDERED**.

Review of this order is governed by 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and E.D. Mich. LR 72.1(d).

Date: July 1, 2015

S/ PATRICIA T. MORRIS
Patricia T. Morris
United States Magistrate Judge

**CERTIFICATION**

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record. A copy was also sent via First Class Mail to Terrance Pugh #492273 at Ionia Maximum Correctional Facility, 1576 W. Bluewater Highway, Ionia, MI 48846.

Date: July 1, 2015

By s/Kristen Krawczyk
Case Manager to Magistrate Judge Morris