UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRANCE PUGH,

      Plaintiff,

                                        Case No. 15-cv-10604
v.                                     HON. GERSHWIN A. DRAIN

KELLY HOLDEN-SELBY,

      Defendant.
_____/

**ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION [#22], GRANTING DEFENDANT'S MOTION TO DISMISS [#17] AND DISMISSING ACTION**

### I.    INTRODUCTION

On July 1, 2015, Magistrate Judge Patricia Morris issued a Report and Recommendation recommending that the Court grant Defendant's Motion to Dismiss. The Magistrate Judge concluded that *res judicata* bars Plaintiff's claim against the Defendant and, alternatively, the statute of limitations on Plaintiff's claim has elapsed. This is the third 42 U.S.C. § 1983 action that Plaintiff has filed against Defendant alleging an Eighth Amendment deliberate indifference claim stemming from Defendant's failure to give Plaintiff a ground-floor, bottom bunk cell despite a purported medical order requiring he receive this accommodation due to a broken foot.

Plaintiff filed Objections to the Magistrate Judge's Report and Recommendation on July 23, 2015.[1] Upon review of the Magistrate Judge's Report and Recommendation, the Court

---

[1] This Court is bound by the prisoner mailbox rule. This rule states that Plaintiff's objections "w[ere] filed at the time [he] delivered [them] to the prison authorities for forwarding to the court clerk." *Scuba v. Brigano*, 527 F.3d 479, 484 (6th Cir. 2007)(quoting *Houston v. Lack*, 497 U.S. 266, 276 (1988)); *see also Richard v. Ray*, 290 F.3d 810, 813 (6th Cir. 2002). The Certificate of

concludes that the Magistrate Judge reached the correct conclusion and the Court will grant Defendant's Motion to Dismiss.[2]

## II. DISCUSSION

### A. Standard of Review

The standard of review to be employed by the Court when examining a report and recommendation is established in 28 U.S.C. § 636. This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. 28 U.S.C. § 636(b)(1)(C). This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id*.

### B. Legal Analysis

**Objection 1: *Res Judicata* bars adjudication of Plaintiff's claim**

Plaintiff objects to the Magistrate Judge's conclusion that adjudication of his Eighth Amendment deliberate indifference claim is barred under the doctrine of *res judicata*. [Dkt. #23 at 2, ¶ 2]. Plaintiff mistakenly argues that the Court has not reached a final judgment concerning the deliberate indifference claim against Defendant. *Id*. However, Plaintiff is incorrect. The Court concluded in a 2013 Order resolving Defendant's Motion for Summary Judgment that Plaintiff could not establish the elements of his claim because he had no evidence of Defendant's culpable state of mind. *See* Dkt. #62 at 7. The Court specifically found that:

> Plaintiff has not satisfied the subjective element because he has failed to provide evidence of Holden-Selby's culpable mental state required for deliberate

---

Service indicates that Plaintiff's Objections were sent to the Court on July 20, 2015. Thus, Plaintiff's objections are accepted as timely filed.

[2] The Court notes that it appears the Magistrate Judge mistakenly included three pages from an unrelated case when explaining the procedure for filing objections. *See* Dkt. No. 22 at 16-19. The Court notes that these pages had no effect on the legal analysis or the ultimate conclusion reached.

indifference. In fact, Plaintiff's Transfer Order did not have any special handling requirements. Absent Plaintiff's own urgings, Defendant Holden-Selby had no indication that Plaintiff had any special medical needs. Additionally, Plaintiff's medical order stated "RMI," which was a designation for a different facility. Therefore, there is insufficient evidence to support this claim against Defendant Holden-Selby.

*Id.*

Additionally, the Magistrate Judge correctly concludes that this action meets the other three elements for the application of *res judicata*.[3] This action involves the same Plaintiff and Defendant and Plaintiff raises an identical deliberate indifference claim which was litigated in the prior action. Plaintiff does not present any meritorious argument demonstrating that the case herein is different from the action that was previously before this Court. In fact, Plaintiff agrees that his claim is identical: "the issues the Plaintiff raise[d] in this case are identical to the issues [Plaintiff] raised in an earlier action once again." [Dkt. #23 at 4]. Thus, the doctrine of *res judicata* bars Plaintiff from relitigating this claim against Defendant. His objection is overruled.

**Objection 2: Proof Entitlement of Relief**

The specific portion of the Report and Recommendation that Plaintiff takes issue with in his second objection is entirely unclear to this Court. Consequently, the Court finds that objection two is not a specific objection entitled to a *de novo* review. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are

---

[3] In order for *res judicata* to bar re-litigation of a claim, the following elements must be present:

> (1) A final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.

*In re Alfes*, 709 F.3d 631, 638 (6th Cir. 2013).

dispositive and contentious."). Thus, the Court will not address Plaintiff's second objection and it is overruled.

**Objections 3 and 4: Statute of Limitations**

In objections three and four, Plaintiff argues that the statute of limitations for this claim was tolled while it was being litigated in the prior case before this Court. However, the Court has already held that the doctrine of *res judicata* precludes adjudication of Plaintiff's claim. The claim of deliberate indifference reached final judgment before this court in 2013. The Court finds Objections three and four are irrelevant because the Magistrate Judge correctly found *res judicata* bars Plaintiff's deliberate indifference claim. These claims are likewise overruled.

### III. CONCLUSION

Therefore, the Court hereby **ACCEPTS** and **ADOPTS** Magistrate Judge Morris's July 1, 2015 Report and Recommendation [#22] as this Court's findings of fact and conclusions of law. Defendant's Motion to Dismiss [#17] is **HEREBY GRANTED.** Plaintiff's Objections [#23] are **OVERRULED.** This cause of action is **HEREBY DISMISSED.**

IT IS SO ORDERED.

Dated: August 10, 2015

/s/Gershwin A Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge